

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00352-CR

_____

LIONSO CISNEROS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B20248-1606, Honorable Kregg Hukill, Presiding

December 15, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Lionso Cisneros, Jr., was charged with the state jail felony offense of forgery of a financial instrument.[1] He pleaded guilty in September of 2016 and was sentenced to twelve months' incarceration in the State Jail Division of the Texas Department of Criminal Justice and assessed a $1,000 fine, court costs, attorney's fees, and restitution. The trial court suspended appellant's sentence and placed him on

---

[1] *See* TEX. PENAL CODE ANN. § 32.21(d).

community supervision for four years. Subsequently, the State moved to revoke appellant's supervision. At a hearing on the motion, appellant entered a plea of "true" to all the State's allegations except an allegation concerning community service hours. The trial court found appellant had violated several conditions of community supervision and sentenced him in accordance with the suspended sentence.

Appellant's counsel on appeal has filed a motion to withdraw supported by an *Anders*[2] brief. We grant counsel's motion and affirm the judgment of the trial court. Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently

---

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

Therefore, we grant counsel's motion to withdraw.[3] The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.